IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AP by and through her Next Friend ANGELA VEACH | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 4:15-cv-00331-SRB |
| BLUE SPRINGS SCHOOL DISTRICT, DOUGLAS NIELSEN, SETH SHIPPY, DONNA SHEEHY, AUBREY TSVEIS AND CHERYL HUGHES | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendant Blue Springs School District's Partial Motion to Dismiss Plaintiff AP's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #26). Defendant seeks dismissal of Count I—Negligent Supervision, Count II—Negligent Infliction of Emotional Distress, and Count VI—Breach of Fiduciary Duty. For the reasons stated herein, the motion is DENIED.

**I.     BACKGROUND**

On April 6, 2015, Plaintiff filed its complaint in the Circuit Court of Jackson County, Missouri, naming Blue Springs School District (herein "District"), Douglas Nielsen (hereinafter "Nielsen"), Seth Shippy (hereinafter "Shippy"), and Jane Doe 1 (an unidentified schoolteacher) as defendants. Defendants District, Nielsen, and Shippy removed the case to federal court on May 4, 2015, pursuant to 28 U.S.C. §1441(c)(A). On June 5, 2015, Defendants District, Nielsen and Shippy filed a joint motion to dismiss. On July 20, 2015, Plaintiff filed a motion to amend

her complaint. On July 24, 2015, the Court granted Plaintiffs motion to amend and denied Defendants motion to dismiss without prejudice.

Plaintiff filed her amended complaint on July 25, 2015. Defendants filed their joint and separate answer including affirmative defenses on July 29, 2015. District filed its motion for partial dismissal on July 29, 2015. Plaintiff filed her motion for leave to file a second amended complaint on September 15, 2015, which the Court granted. The second amended complaint was filed on September 16, 2015, which added Donna Sheehy, Aubrey Tsveis, and Cheryl Hughes as Defendants. On September 19, 2015, District filed its reply in support of its motion for partial dismissal.

## II. LEGAL AUTHORITY

District brings its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which states a claim may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (internal citations omitted); Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015); Hamilton v. Palm, 621 F.3d 816, 817 (8th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Ash v. Anderson Merchs., LLC, No. 14–3258, 2015 WL 4978701, at *1 (8th Cir. 2015).

The court "must take all factual allegations [made by the plaintiff] as true when considering a motion to dismiss." Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007); Data Mfg., Inc. v. United Parcel Service, Inc., 557 F.3d 849, 851 (8th Cir.

2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). However, factual allegations which represent "legal conclusions or formulaic recitation of the elements of a cause of action . . . may properly be set aside." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 677) (internal citations omitted). The pleading standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) (internal quotations omitted); see, e.g., Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (8th Cir. 2011) (finding the district court appropriately granted a motion to dismiss where "facts pleaded in [plaintiff's] complaint [did] not permit [the court] to infer more than the mere possibility of misconduct"). The "evaluation of a complaint upon a motion to dismiss is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Braden, 588 F.3d at 594 (internal citations omitted). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Id.; see also Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893, 896 n. 4 (8th Cir. 2010) (noting the court's task "is to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation").

### III. DISCUSSION

District moves to dismiss three counts in AP's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). District argues sovereign immunity precludes Count I—Negligent Supervision, Count II—Negligent Infliction of Emotional Distress, and Count VI—Breach of Fiduciary Duty.

Plaintiff's complaint alleges that "Defendant District has an insurance policy which will

3

result in the waiver of sovereign immunity." (Doc. #41, ¶ 53). "An allegation that a public entity waived its sovereign immunity through the purchase of liability insurance is sufficient to state a claim for waiver, despite the absence of an allegation that the insurance policy did not include an endorsement exempting coverage for liability barred by sovereign immunity." White v. Jackson, No. 4:14CV1490 HEA, 2015 WL 1189963, at *7 (E.D. Mo. Mar. 16, 2015). District does not challenge the sufficiency of Plaintiff's complaint on this issue. Rather, District argues Plaintiff's allegation is wrong and that an insurance policy District attached to its answer proves such. Thus, the Court initially notes that Plaintiff sufficiently alleges a claim for waiver.

District argues its insurance policy preserves its sovereign immunity, which bars Plaintiff's claims. District attaches to its answer, and asks the Court to consider, the alleged insurance policy. Plaintiff argues "the insurance document used by Defendant to support its motion to dismiss is not mentioned or relied upon by Plaintiff in Plaintiff's Complaint," and is outside the pleadings. (Doc. #38, p. 7).

"In addressing a motion to dismiss, the court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings and matters of public record." Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011) (internal quotations omitted). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting Kushner v. Beverly Enters., Inc., 317 F.3d 820, 831 (8th Cir. 2003)). "[M]ost courts . . . view 'matters outside the pleading[s]' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." Gorog v. Best Buy Co., 760 F.3d 787, 791 (8th

4

Cir. 2014) (quoting BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 687 (8th Cir. 2003)) (concluding a document was embraced by plaintiff's amended complaint where plaintiff specifically quotes the document); see, eg., Jenisio v. Ozark Airlines, Inc. Ret. Plan for Agent & Clerical Emps., 187 F.3d 970, 972 (8th Cir. 1999) (finding that a district court may consider documents outside of the pleadings on a motion to dismiss where "plaintiffs' claims are based solely on the interpretation of the documents and the parties do not dispute the actual contents of the documents"). "[T]he court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 701 (8th Cir. 2003). However, "[t]he court generally must ignore materials outside the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

Plaintiff alleges in her complaint, "Defendant District has purchased liability insurance covering the types of claims made herein," and "Defendant District has an insurance policy which will result in the waiver of sovereign immunity." (Doc. #41, ¶¶ 6, 53). The insurance agreement is incidental to Plaintiff's claims, and Plaintiff did not attach the document to her complaint. Instead, District attached its alleged MOPERM Insurance Policy to its answer "in opposition to the [complaint]." Plaintiff's complaint does not, therefore, embrace the insurance agreement District attached to its answer. Plaintiff does not specifically quote from the document, Plaintiff does not base her claim "solely on the interpretation of the document[]," and the parties dispute the authenticity and completeness of the document. BJC Health Sys., 348 F.3d at 687; Jenisio, 187 F.3d at 972. Thus, the Court finds that the insurance policy is a document outside the pleadings, and the policy will not be considered for purposes of this motion.

5

Even if the Court considered the insurance policy as part of the pleadings, the Court still cannot examine the document because Plaintiff disputes its authenticity. Ashanti, 666 F.3d at 1151. District did not submit an affidavit authenticating the insurance policy, but instead relied only upon an unattested certification of "Mike McCray of MOPERM" and District's claim in its answer that a true and accurate copy of the Memorandum of Coverage is attached to its answer. (Doc. #42, p. 4); see Life Investors Ins. Co. of Am. v. Fed. City Region, Inc., 687 F.3d 1117, 1121–22 (8th Cir. 2012) (requiring that in order for a document to be considered "[it] must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence . . ."). Further, it is inappropriate for the Court to resolve the applicability of the insurance policy at the motion to dismiss stage, particularly where there are factual questions as to the authenticity and completeness of a document. For the reasons stated above, Defendant's motion to dismiss is denied.

## IV.   CONCLUSION

Accordingly, it is hereby

**ORDERED** Defendant Blue Springs School District's Partial Motion to Dismiss (Doc. #26) Plaintiff AP's Second Amended Complaint is DENIED.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: October 7, 2015